Eric R. Fish
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
Email: efish@bakerlaw.com

*Attorneys for Plaintiff, Zetwerk Manufacturing USA, Inc.*

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ZETWERK MANUFACTURING USA, INC.,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>RS FASHIONS, INC.<br><br>　　　　　　Defendant. | Case No.:<br><br>**COMPLAINT** |

Plaintiff Zetwerk Manufacturing USA, Inc. ("Plaintiff"), by and through its undersigned counsel, as and for its Complaint against Defendant RS Fashions ("Defendant") alleges as follows:

**NATURE OF THE PROCEEDING**

1.　　This is a civil action for account stated or in the alternative breach of contract, arising from Defendant's failure to tender payment to Plaintiff for goods received pursuant to the terms of purchase order.  Plaintiff fulfilled its obligation to supply certain garments (the "Garments") to Defendant in accordance with the terms and conditions set forth in the purchase order issued by Defendant.  Following the delivery of the Garments, Plaintiff issued two invoices to Defendant, which Defendant accepted without objection but as of the date of this Complaint, Defendant has refused to pay.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this civil action pursuant to 28 U.S.C. § 1332. This Court has subject matter jurisdiction based on the diversity of citizenship between Plaintiff and Defendant (collectively, the "Parties") and the amount of controversy exceeds the sum or value of $75,000, exclusive of interests and costs. Plaintiff is incorporated under the laws of Delaware with a place of business in California. Defendant is incorporated and maintains a principal place of business in New Jersey. The amount of relief sought is at least $125,664.

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Defendant resides in this district.

**PARTIES**

4. Plaintiff Zetwerk Manufacturing USA, Inc. is a company incorporated under the laws of Delaware. Plaintiff has a principal place of business at 548 Market St #70774, San Francisco, CA 94104.

5. Defendant RS Fashions, Inc. is incorporated under the laws of New Jersey and has a principal place of business at 82 Western Ave, Jersey City, NJ 08307.

**STATEMENT OF FACTS**

6. In or around 2021, Defendant approached Plaintiff, which is a well-known trading company and manufacturing supply chain solutions provider, with a request to purchase the Garments. Defendant requested 40,800 of such Garments.

7. Following extensive negotiations, the Parties agreed that Plaintiff would supply the required quantities of Garments to Defendant at a per unit price of $3.50, for which Defendant agreed to pay a total amount of $142,800.

8. To facilitate the supply of Garments, Defendant issued a formal purchase order to Plaintiff dated September 6, 2021, bearing reference no. 060921 (the "Purchase Order") for the

purchase of the Garments for the agreed total consideration of $142,800 (the "Amounts Due"). As per the terms of the Purchase Order, Defendant was obligated to tender payment in full of the Amounts Due.

9. Subsequently, sometime in 2022, Defendant – verbally – reduced the quantities of the Garments from 40,800 to 35,904. Consequently, the total Amounts Due in respect of the Garments that were yet to be supplied was also reduced from $142,800 to $125,664 (the "Revised Consideration Amount").

10. Subsequently, Plaintiff, in turn, placed an order with its vendors, Four B. Seas/ R.S.M Garments ("Suppliers"), for manufacture of the Garments with instructions to the Suppliers to deliver these Garments directly to Defendant.

11. The Suppliers manufactured and delivered the Garments to Defendant's manufacturing unit in Arizona between March 2022 and April 2022 in two shipments. Upon delivery, Defendant accepted both shipments of the Garments without any dispute or demur as to their quality or quantity.

12. Upon acceptance of the Garments, Plaintiff remitted the following commercial invoices for Defendant.

| SR. NO. | DATE | INVOICE REFERENCE NUMBER | PAYMENT TERMS | AMOUNT (IN US$) |
|---|---|---|---|---|
| 1. | 03/15/2022 | #ZET-INV-07530 | D/P at sight | 71,064 |
| 2. | 05/25/2022 | # ZET-INV-08811 | D/P at sight | 54,600 |

13. Defendant was obligated to pay in full the two tranches of shipments on March 9, 2022 and May 25, 2022 respectively.

14. To recover the outstanding invoices, Plaintiff repeatedly followed up with Defendant via phone calls regarding the status of the pending Revised Consideration Amount. Defendant consistently assured Plaintiff that it would make the payments soon, but without providing a date certain. To date, no payment has been made.

15. In or around June 2022, Defendant—for the first time—expressed its inability to pay the Revised Consideration Amount and owing because of poor sales and requested from Plaintiff a discount of the per unit price from $3.50 to $3.10.

16. Plaintiff accepted Defendant's request for a discount with the sole intent of recovering its outstanding invoices in a timely manner. In this regard, the Parties agreed that Defendant was now obligated to pay a total amount of $111,302.40 to Plaintiff as consideration for the two tranches of shipments (*i.e.*, a sum of $62,942 against the shipment received from Four B. Seas and further, a sum of $48,360 against the shipment received from R.S.M. Garments). This was explicitly admitted by Defendant's representative in his email dated April 27, 2023, wherein he informed Plaintiff: "I feel very bad that there was [sic] literally no sales for the past several months here. I stocked up all the goods idle for a long time in my premises…. I have to pay you for two bills (1st Shipment: 62942USD & 2nd Shipment: 48360USD)."

17. Regardless of the discount leading to a lower Revised Consideration Amount, Defendant failed to make any payments in furtherance of Plaintiff's invoices till date.

18. Because Defendant failed to accept the settlement offer of a lower Revised Consideration Amount in return for immediate payment, the original Revised Consideration Amount is now due in full.

**COUNT ONE**
**(Account Stated)**

19. Plaintiff realleges and incorporates by reference the allegations set forth in Paragraphs 1 through 17 above, as though fully set forth herein.

20. On March 15, 2022 and May 25, 2022, two separate accounts were stated in writing by and between Plaintiff and Defendant, following which Defendant owed Plaintiff a balance of $125,664.

21. Further, an account was stated for each of the invoices Plaintiff sent to Defendant, which Defendant neither objected to nor disputed any part of the written account stated.

22. Although demanded by Plaintiff from Defendant, neither all nor indeed any part of the agreed balance has been paid.

23. There is now due, owing, and unpaid from Defendant to Plaintiff the sum of $125,664.

## COUNT TWO
### (Breach of Contract)

24. Plaintiff repeats and realleges paragraphs 1 through 17 hereof, as if fully set forth herein.

25. In or around 2021, Defendant approached Plaintiff with a request to purchase certain Garments following which Defendant remitted a formal Purchase Order upon Plaintiff. Per the terms of the Purchase Order, Defendant agreed to pay $142,800. Subsequently, the Garment quantities were reduced and the Amounts Due was lowered from $142,800 to $125,664.

26. The written agreements were created by the issuance of the Purchase Order (attached hereto as Exhibit A), which were accepted and performed by Plaintiff, and which were the subject of the $125,664 owed to Plaintiff but not paid by Defendant. Plaintiff accepted Defendant's request for a discount and again lowered the invoices (attached hereto as Exhibits B

and C), this time from $125,664 to $111,302.40. Regardless, Defendant has not paid the outstanding amount.

27. Plaintiff has performed all of its obligations under the terms of the Purchase Order and the changes thereafter. Defendant, however, failed to perform its obligations under the terms of the Purchase Order and the changes thereafter by failing to pay for the Garments sold to it.

28. As a direct and proximate result of Defendant's breaches, Plaintiff suffered damages in the amount of each of the invoices for goods that have been delivered, in an amount to be proved at trial but not less than $125,664, exclusive of interest and costs.

29. By reason of the foregoing, Defendant is liable to pay Plaintiff's actual damages, plus interest.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests:

a. That Judgment be entered in favor of Plaintiff and against Defendants on all Claims alleged herein;

b. For compensatory damages in an amount to be proved at trial, but in excess of $125,664, exclusive of interest and costs;

c. For prejudgment interest;

d. For costs of suit herein and attorneys' fees as allowed by law; and

e. For any further relief that the Court may deem just and proper.

Dated: January 5, 2024  
       New York, New York

Respectfully submitted,

BAKER & HOSTETLER LLP

/s/ *Eric R. Fish*  
Eric R. Fish  
Email: efish@bakerlaw.com  
Gonzalo S. Zeballos (*Pro Hac Vice* Motion Forthcoming)  
Email: gzeballos@bakerlaw.com  
Nikita Mistry-Sehgal (*Pro Hac Vice* Motion Forthcoming)  
Email: nmistrysehgal@bakerlaw.com  
45 Rockefeller Plaza  
New York, New York 10111  
Telephone: (212) 589-4200  
Facsimile: (212) 589-4201

*Attorneys for Plaintiff, Zetwerk Manufacturing USA, Inc.*